IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD M. WASHINGTON,

       **Plaintiff,**

v.                       //    CIVIL ACTION NO. 1:05cv28
                                   (Judge Keeley)

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY

       **Defendant.**

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On February 15, 2005, Plaintiff, Donald M. Washington, filed a petition to proceed <u>in forma pauperis</u> with a financial affidavit. The Court referred this matter to United States Magistrate James E. Seibert for initial screening and a report and recommendation. On February 23, 2005, Magistrate Judge Seibert issued a Report and Recommendation, recommending that the plaintiff's application to proceed <u>in forma pauperis</u> be denied.

On March 3, 2005, the plaintiff timely filed an objection to the magistrate judge's report and recommendation. The plaintiff contends that the magistrate judge failed to set forth the standard that he followed in denying the plaintiff's petition and concluded that the plaintiff has not sufficiently demonstrated that he is financially unable to pay the filing fee in his Social Security appeal without stating any basis. The plaintiff also asserts that the magistrate judge made no reference to any debts or monthly

## ORDER ACCEPTING IN PART AND DENYING IN PART
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

expenses that might affect his finding. However, in his objection, the plaintiff fails to state any specific debts or expenses which he contends the magistrate judge failed to consider in finding that the plaintiff is financially able to pay the filing fee. The plaintiff only states that he still maintains debt and regular expenses.

The Court has reviewed the record before it and has conducted a *de novo* review of all matters before the magistrate judge in considering the plaintiff's motion to proceed in forma pauperis. In the affidavit submitted by the plaintiff, Washington states that he earns or receives approximately $1,011.00 per month in social security disability benefits and $2,300.00 per month in disability benefits from the Veteran's Administration. Accordingly, the plaintiff's total household annual income is approximately $39,732.00 per year.

Washington also states that he and his spouse have no cash on hand, but have $100.00 in a checking account at a financial institution. The plaintiff also owns a 1996 Cadillac DeVille worth approximately $4,000.00, a 1984 Buick Riveria worth approximately $500.00, a 1993 Mazda MX-6 worth approximately $200, and a 1992 Volkswagon Jetta worth approximately $200. With respect to any

## ORDER ACCEPTING IN PART AND DENYING IN PART
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

expenses or debts, the plaintiff only indicates that his son and wife are dependent on him for support, but fails to indicate how much he contributes to their support as requested by the directions on the affidavit form.

In his Report and Recommendation, Magistrate Judge Seibert appropriately stated the standard under which he must review the plaintiff's application to proceed in forma pauperis in this matter. Under 28 U.S.C. §1915, the commencement or filing of a lawsuit depends solely on whether an affiant is economically eligible, thus the only determination to be made by the Court under the statute is whether the affiant's statements in his affidavit satisfy requirements of poverty. Watson v. Ault, 525 F.2d 886 (5th Cir. 1976). Specifically, an affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay costs of litigation and still provide for oneself and any dependents. Johnson v. City of Port Arthur, 892 F. Supp. 838 (E.D. Tex. 1995). The affidavit in support of a motion to proceed in forma pauperis in federal court must state facts as to affiant's poverty with some particularity, definiteness and certainty. United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981); Jefferson v. U.S., 277 F.2d 723 (9th Cir. 1960); U.S. ex. rel. Roberts v. Com.

**ORDER ACCEPTING IN PART AND DENYING IN PART**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

of Pa., 312 F. Supp. 1 (E.D. Pa. 1969).

In his affidavit, the plaintiff did not state the amount of his total monthly household expenses or the amount of his income contributed to the support of his son who is in college. Furthermore, the plaintiff did not provide a list of outstanding debts. The plaintiff has failed to provide certain or particular information which indicates that his debts or monthly expenses exceed or completely diminish his monthly income of $3,311.00. Therefore, the plaintiff provided no certain or particular information from which the Court can conclude that the plaintiff is financially unable to pay the $250 filing fee in his Social Security appeal in light of his $39,732.00 annual yearly income. From the information provided in the plaintiff's affidavit, this Court finds that the plaintiff is capable of paying the court costs and still provide himself and his family with the necessities of life. Therefore, the Court **ACCEPTS** Magistrate Judge's Report and Recommendation with the following clarification.[1]

---

[1] In his February 23, 2005 Report and Recommendation, Magistrate Judge Seibert recommended that the plaintiff's application to proceed in forma pauperis should be denied, but does not indicate whether the denial should be with or without prejudice.

4

### ORDER ACCEPTING IN PART AND DENYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Because the plaintiff failed to fully and properly complete the financial affidavit and provide the Court with complete information upon which to make an informed decision about whether he qualifies for in forma pauperis status, the Court **DENIES WITHOUT PREJUDICE** the plaintiff's motion [Docket No. 2], subject to his renewal and submission of a complete affidavit which includes certain and particular information about his debts and expenses. If the plaintiff chooses not to submit a renewed application with complete and particular information concerning his expenses and debts, the Court **ORDERS** him to pay the $250 filing fee so that this action may commence.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein by U.S. mail.

DATED: October 21, 2005

Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE