IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD M. WASHINGTON,
        Plaintiff,

v.                                     CIVIL ACTION NO. 1:05CV28
                                            (Judge Keeley)

COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

On February 15, 2005, Donald M. Washington ["Plaintiff"] filed a Complaint seeking

judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the

Commissioner of Social Security ["Defendant"]. The Court referred the matter to United States

Magistrate Judge James E. Seibert, who on September 15, 2006, issued a Report and

Recommendation recommending that Plaintiff's Motion for Summary Judgment be GRANTED as

relating to the time period of March 12, 2001 to December 7, 2002, and DENIED as relating to the

time period of February 28, 2000 to March 11, 2001, and Defendant's Motion for Summary

Judgment be GRANTED as relating to the time period from February 28, 2000, to March 11,

2001, and DENIED for the remainder of the time period in question [Docket Entry 20]. No

objections were filed by either party to Magistrate Judge Seibert's Report and Recommendation.

On October 6, 2006, the District Court filed its "Order Adopting Magistrate Judge's Report and

Recommendation" [Docket Entry 21].

On January 4, 2007, Plaintiff filed a "Motion for Attorney Fees" seeking attorney's fees in

the amount of $3,233.10, representing 19.20 hours of work by Plaintiff's counsel, Brock M.

Malcolm[1] and paralegal[s] in his firm [Docket Entry 23]. Defendant filed a "Brief in Opposition to Plaintiff's Motion for Award of Attorney's Fees" on January 19, 2007 [Docket Entry 24].

This matter was referred to the undersigned United States Magistrate Judge for resolution by Chief United States District Judge Irene M. Keeley on January 22, 2007 [Docket Entry 25].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The Commissioner objects to the Plaintiff's fee petition for the following reasons:

(1) The Commissioner's Position was Substantially Justified and

(2) Alternatively, the Amount of Fees Requested by Counsel Should be Reduced to Reflect Historic Rates.

Plaintiff first argues that the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th Cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' " *EEOC v. Clay Printing Co.*, 13 F.3d 813, 815

---

[1]The Court notes that on July 20, 2007, Magistrate Judge Seibert granted Plaintiff's Motion to Substitute Counsel, thereby substituting Travis M. Miller for Mr. Malcom.

2

(4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation," we must consider the "totality of the circumstances." *Roanoke River Basin Ass'n. v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was not "substantially justified" for an abuse of discretion. *See Pierce,* 487 U.S. at 562-63, 108 S.Ct. 2541.

*Id.* at 244-245.

In the underlying case at bar, Plaintiff had argued that "The ALJ erred by basing his Decision upon the false premise that Mr. Washington's mental condition had improved." (Plaintiff's Memorandum in Support of Motion for Summary Judgment at 8.) He noted that the ALJ correctly assessed his admission information, noting, "[c]laimant's global assessment functioning [sic] upon admission was rated as 40 (Exhibit 4F, page 1), which represents a major impairment in several areas." Plaintiff then also noted that the Vocational Expert ("VE") at the hearing testified that an individual with a 40 GAF was not employable. Plaintiff finally argued that the medical records did not support the ALJ's determination that he had improved, noting that at his discharge from the VA facility, Plaintiff's GAF remained at 40, and at the time of the ALJ's decision, the most recent records "denoted a worsening state of PTSD-related depression and a GAF of '40 AND SLIPPING'" (Id. at 11).

In the underlying case, the Defendant argued that substantial evidence supported the ALJ's determination that Plaintiff's PTSD was not disabling. Defendant noted that Plaintiff did work

around the house, such as washing his car and running errands; managed the bank accounts and paid the bills; and "continued to watch . . . television eight to nine hours a day, and watched movies all of the time." Defendant had argued that "[t]hese activities require social contact and adequate concentration." (Defendant's Motion for Summary Judgment at 10). Defendant also argued that the ALJ considered the notations in the treatment notes that Plaintiff was hunting and camping, contrary to his claim that he had flashbacks to Vietnam in the woods; Plaintiff's admission that he often stayed with a friend and worked on cars; and Plaintiff's participation in the VFW color guard, despite his claim that it interfered with his mental condition. Defendant then argued that Plaintiff's GAF scores were adverse to Plaintiff's activities, and that the treating physicians' opinions were based on Plaintiff's complaints and not on objective findings and therefore not entitled to controlling weight.

Upon review, Magistrate Judge Seibert agreed with Plaintiff that the ALJ's evaluation of Plaintiff's PTSD lacked substantial evidence. Magistrate Judge Seibert found that the ALJ erred in failing to accord proper weight to the treating physicians' opinions. He also found that the record "clearly" contradicted the ALJ's conclusion that Plaintiff improved while at the VAMC and continued to improve after his discharge. Magistrate Judge Seibert found that the ALJ should have accorded controlling weight to the opinions of psychologists Martin Levin and Dr. Almond, who rated Plaintiff's GAF as 38 in March 2002, and 40 "and slipping" in June 2002.

Magistrate Judge Seibert also found that the ALJ "failed to give adequate consideration to numerous pieces of evidence." He expressly noted evidence that was "completely ignore[d]" by the ALJ, and found "the failure to examine so many so significant piece of evidence [was] unexplainable."

4

As already noted, there were no objections filed to the Report and Recommendation, and United States District Judge Irene M. Keeley adopted the R&R in whole.

The Commissioner has the burden of proving his position was substantially justified in law and fact. The undersigned finds the Commissioner has not met that burden under the facts of this case. Magistrate Judge Seibert's findings represent long-standing law in the Fourth Circuit regarding the weight to be accorded a treating physician's opinion[2] and the duty to consider and weigh all the relevant evidence.[3]

For all the above reasons the undersigned finds the position of the Defendant in this case was not substantially justified.

There is no dispute that Plaintiff is a "prevailing party," and there is no allegation that "special circumstances make an award unjust" or that Plaintiff's petition was not timely filed. 28

---

[2]"Although it is not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it." Craig v. Chater, 76 F. 3d 585, 589 (4th Cir. 1996). The treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Mitchell v. Schweiker, 699 F.2d 185 (4th Cir. 1983).

[3]We cannot determine if findings are supported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence. See, e.g., Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980); Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979); Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977). As we said in Arnold: The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all the evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984)

U.S.C. § 2412; <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991). The award of attorneys' fees is therefore mandatory. <u>EEOC v. Clay Printing Co.</u>, 13 F.3d 813, 815 (4th Cir.1994).

Defendant argues in the alternative that the amount of fees requested by counsel should be reduced to reflect historic rates. Counsel for Plaintiff attached the Consumer Price Index for the relevant years to his application for fees, and contends his hourly rate should be $161.75. Defendant argues that $161.75 is the current rate, not the historic rate, and that the rate should be $154.45 for work done in 2005, and $159.69 for work done in 2006-2007.

The decision to award a cost of living adjustment is within the discretion of the Court. The Fourth Circuit has conceded that "upward adjustments are frequently given," but denied that fact translated into a <u>requirement</u> that they be given. <u>May v. Sullivan</u>, 936 F.2d 176 (4th Cir. 1991).

The undersigned concludes that a cost of living adjustment is appropriate and not unreasonable in this case. The undersigned agrees with Defendant that the rates used should be historical and not the current rate; however, the Court also finds that Defendant miscalculated the number of hours claimed by Plaintiff's counsel, and also omitted the time spent by a paralegal[s].

In total, the undersigned United States Magistrate Judge finds a reasonable EAJA fee in this case is $2997.18.

## **RECOMMENDATION**

For all the above reasons, the undersigned respectfully recommends Plaintiff's counsel be compensated in the amount of $2,997.18.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy

of such objections should also be submitted to the Honorable Irene M. Keeley, United States District

Judge. Failure to timely file objections to the Report and Recommendation set forth above will

result in waiver of the right to appeal from a judgment of this Court based upon such proposed

Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th

Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and

Recommendation to counsel of record.

Respectfully submitted this 4 day of September, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE